IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

NATHAN LOCUR SMITH,

    Petitioner,

v.                                                     Case No. 5:18-cv-00929

D.L. YOUNG, Warden,
FCI Beckley,

    Respondent.

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Nathan Locur Smith's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's § 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

### BACKGROUND AND PETITIONER'S CLAIM

**A.    Petitioner's relevant criminal proceedings.**

On June 20, 2001, in this United States District Court, Petitioner was found guilty by a jury on one count of conspiracy to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846 (Count One), and one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Two), as set forth in a superseding indictment.

*United States v. Smith*, No. 5:01-cr-00004-4 (S.D.W. Va., June 20, 2001), ECF Nos. 287, 312, and 320. Petitioner's sentencing hearing occurred on September 5, 2001. He was held responsible for 738 grams of cocaine base. Petitioner's sentence also included an enhancement under section 4B1.1 of the United States Sentencing Guidelines ("guidelines") for being a career offender.[1] Petitioner's career offender enhancement was based upon his prior convictions for wanton endangerment and a controlled substance offense.[2] As a result of Petitioner's career offender status, his guideline offense level was 37, with a criminal history category of VI, resulting in a guideline sentencing range of 360 months to life in prison.[3] Ultimately, the District Court sentenced Petitioner to 360 months in prison on Count One, and a concurrent sentence of 240 months on Count Two, followed by a five-year term of supervised release. His Judgment was entered on September 20, 2001. *Id.*, ECF No. 421.

Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, raising only a claim of ineffective assistance of counsel. On June 25, 2002, the Fourth Circuit affirmed his Judgment, finding that ineffective assistance of counsel was not clear from the face of the record. *United States v. Smith*, No. 01-4746 (4th Cir. June 25, 2002). *Id.*, ECF No. 499. On August 21, 2002, the Fourth Circuit denied Petitioner's request for rehearing and rehearing en banc. *Id.*, ECF No. 503.

---

[1] Section 4B1.1(a) of the guidelines provides that "A defendant is a career offender if (1) the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. SENTENCING GUIDELINES § 4B1.1(a) (hereinafter "USSG").

[2] Petitioner had two prior controlled substance convictions; however, Petitioner contends that, because he was sentenced for both of those offenses on the same day and there was no intervening arrest between the two, they counted as a single offense under the career offender guideline. *See* USSG §§ 4A1.2(a)(2), 4B1.2(c). Case No. 5:01-cr-00004-4, ECF No. 794 at 9; Case No. 5:18-cv-00929, ECF No. 1 at 10 n.1.

[3] Absent the career offender enhancement, Petitioner's guideline range would have been 292-365 months.

### B.     Petitioner's other prior post-conviction filings.

Petitioner subsequently filed two § 2255 motions. The first motion, filed on November 17, 2003, asserted numerous claims of ineffective assistance of counsel. Following an evidentiary hearing, on March 31, 2007, the District Court denied Petitioner's first § 2255 motion. On December 20, 2007, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal from the denial of his first § 2255 motion. *Id.*, ECF No. 646.

On June 24, 2016, after receiving authorization from the Fourth Circuit under 28 U.S.C. § 2255(h), Petitioner filed a second § 2255 motion challenging his career offender enhancement based upon the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (20015). However, that motion was ultimately denied by the District Court on March 22, 2019, based upon the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017)*, and United States v. Brown*, 868 F.3d 297 (4th Cir. 2017). *Id.*, ECF No. 821.

### C.     The instant petition for writ of habeas corpus.

On May 14, 2018, Petitioner filed the instant § 2241 petition (ECF No. 1), asserting that his prior wanton endangerment conviction does not qualify as a predicate offense for the career offender enhancement based upon the Supreme Court's decisions in *United States v. Descamps*, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016). Consequently, he contends that he does not meet the criteria for the career offender enhancement and must be resentenced without it. Because it is apparent from the face of the amended petition that Petitioner is not entitled to any collateral relief thereon, the undersigned has not required Respondent to respond to the petition.

### D. Subsequent reduction of Petitioner's sentence.

On December 20, 2019, Petitioner's sentence of imprisonment on Count One was reduced to 280 months pursuant to § 404 of the First Step Act of 2018. Case No. 5:01-cr-00004-4, ECF No. 828. That sentence remains concurrent to the 240-month sentence on Count Two. *Id.* Petitioner's term of supervised release was also reduced to four years. *Id.*

## ANALYSIS

### A. The petitioner is not entitled to relief under section 2241.

Petitioner's claim clearly challenges the validity of his sentence, and not the manner in which the sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is this same United States District Court.

28 U.S.C. § 2241, on the other hand, is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in § 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied

> him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. *Id.* at 332. Thus, the fact that Petitioner's prior § 2255 motions were denied will not permit this court to review his claim under § 2241.

Accordingly, before considering Petitioner's § 2241 petition on its merits, the court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of Petitioner's detention in order that he may pursue such relief under § 2241. Recently, the United States Court of Appeals for the Fourth Circuit modified its test to determine whether the remedy under section 2255 is inadequate or ineffective with respect to sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). In interpreting the phrase "this circuit," the Fourth Circuit has held that it is the law of Petitioner's circuit of conviction and sentencing, which in this case is the Fourth Circuit, that controls. *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.")

Here, Petitioner contends that his wanton endangerment conviction does not categorically qualify as a crime of violence under the definition thereof contained in USSG § 4B1.2(a) and, thus, cannot be used as a predicate offense for the career offender enhancement. Although Petitioner appears to be asserting that, pursuant to *Descamps* and *Mathis*, and the decision by another judge of this court in *United States v. Sumpter*, No. 2:15-cr-00067, 2016 WL 398223 (S.D.W. Va. Jan. 6, 2016) (Copenhaver, J.), that there has been an intervening change in substantive law that retroactively nullifies his career offender enhancement, those decisions involve a purely procedural rule that was controlling at the time of Petitioner's sentencing, and those decisions have not been made retroactive on collateral review.

Courts within the Fourth Circuit, where Petitioner was both convicted and is incarcerated, have found that *Descamps* and *Mathis* do not represent a substantive change in the law. *See, e.g., Adams v. Coakley*, No. 1:17-cv-180, 2019 WL 3428549, at *2 (N.D.W. Va. July 30, 2019) (collecting cases finding that *Mathis* is not retroactively applicable on collateral review); *Copeland v. Kassell*, 733 F. App'x 717 (4th Cir. 2018) (per curiam) (affirming dismissal of § 2241 petition because *Mathis* does not apply retroactively). Rather, those cases set forth "a procedural rule that has not been made retroactive on collateral review." *Adams*, 2019 WL 3428549, at *2; *Smalls v. Warden, FMC Butner*, No. 5:17-HC-2117-FL, 2019 WL 722571, * 3 (E.D.N.C. Feb. 20, 2019) (finding § 2241 petitioner could not meet second prong of *Wheeler* standard because *Descamps* and *Mathis* are not substantive decisions that are retroactive on collateral review). Thus, these cases do not represent a change in substantive law that would apply retroactively on collateral review. Petitioner's reliance on *Sumpter* is equally unavailing,

6

as it was a decision by a district court in a criminal proceeding, which pre-dated *Beckles* and *Brown* (finding that the career offender guideline's residual clause was not void for vagueness). Accordingly, Petitioner cannot meet the second prong of the *Wheeler* test based upon any of those decisions.

At bottom, Petitioner's claim rests in whether the District Court improperly applied the career offender enhancement to his sentence by using an overly broad state statute that does not categorically satisfy the definition of a crime of violence in the guideline. However, the case law upon which Petitioner relies addresses the procedure for making such a determination and does not represent a substantive change in the law that has been made retroactively applicable on collateral review. Moreover, Petitioner's wanton endangerment conviction still appears to satisfy the residual clause within the crime of violence guideline definition in place at the time of his offense of conviction.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review Petitioner's claim contained in his § 2241 petition.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States

District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

<u>April 20, 2021</u>

Dwane L. Tinsley
United States Magistrate Judge